# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW DUGGAN, an individual, | Case No. 12cv0005 BTM(WMc) |
| Plaintiff, | **ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT** |
| v. | |
| EARL KOPRIVA, et al., | |
| Defendants. | |

Defendant Earl Kopriva ("Defendant" or "Kopriva") has filed a motion to set aside default judgment. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

This action arose out of an unsuccessful business venture. Plaintiff Andrew Duggan, one of the managing members of Causeway Ventures, LLC ("Causeway"), brought this action against Defendants, investors in the venture, seeking (1) a declaratory judgment that mutual releases that the investors signed were valid and effective; and (2) an injunction enjoining Defendants from filing any action against Plaintiff relating to their investments in Causeway.

On January 3, 2012, Plaintiff filed his initial complaint against defendants Paul Olson, John Scott, Lynn Scott, Jared Rothenberger, Charles Sorensen,

and Jim Boo. On January 5, 2012, the Scotts, Rothenberger, Sorensen, and Boo were served with the Summons and Complaint via certified mail return receipt requested in compliance with Cal. Civ. Proc. Code § 415.40, governing service of persons outside of the state.

On January 25, 2012, Plaintiff filed his First Amended Complaint ("FAC"), adding Earl Kopriva as a defendant. Like the original complaint, the FAC asserted causes of action for (1) declaratory relief; and (2) preliminary and permanent injunction. On January 26, 2012, Plaintiff served Kopriva with the FAC and Summons via certified mail return receipt requested under Cal. Civ. Proc. Code § 415.40.

On March 9, 2012, the Court granted a joint motion to extend the time for Defendants to respond to the FAC to March 27, 2012. On April 2, 2012, the Court granted a joint motion to further extend the time for the Scotts, Olson, and Sorensen to respond to the FAC to May 11, 2012. On April 3, 2012, default was entered against defendants Boo and Rothenberger. On April 30, 2012, default was entered against Kopriva.

On July 10, 2012, Plaintiff voluntarily dismissed the Scotts, Olson, and Sorensen with prejudice.

On August 28, 2012, Plaintiff filed a motion for default judgment against Rothenberger, Boo, and Kopriva.

In an order filed on November 6, 2012, the Court granted in part and denied in part Plaintiff's motion for default judgment. The Court granted default judgment in favor of Plaintiff and against Jim Boo and Earl Kopriva on Plaintiff's declaratory relief claim. The Court denied default judgment with respect to Plaintiff's declaratory relief claim against Rothenberger and Plaintiff's claim for injunctive relief.

The instant motion to set aside default judgment was filed on April 16, 2013.

## II. **DISCUSSION**

Kopriva moves to set aside the default judgment on the ground that the judgment was entered against him as a result of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). Upon review of the papers, however, it appears that "excusable neglect" is the only ground that arguably applies – i.e., Kopriva negligently failed to answer the FAC, even though he was served with the FAC, because he was busy in his role as CFO for an LLC (unrelated to Causeway). As discussed below, the Court is not convinced that there was excusable neglect. Moreover, Kopriva has failed to allege facts establishing a meritorious defense to Plaintiff's claim. Therefore, the Court denies Kopriva's motion.

Fed. R. Civ. P. 55(c) provides that a court may set aside the entry of default "for good cause shown." Factors to be considered when deciding whether to set aside an entry of default for "good cause" include: (1) whether the defendant's "culpable conduct" led to the default; (2) whether the plaintiff would be prejudiced by a set-aside; and (3) whether the defendant can present a meritorious defense to the claim. Falk v. Allen, 739 F.2d 46, 463 (9th Cir. 1984); American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). If any one of these factors weighs against the defendant, the district court may refuse to set aside the default. Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463.

When default judgment has been entered, relief is governed by Rule 60(b). Rule 60(b)(1) provides that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass

situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 394 (1993).  Whether neglect is "excusable" involves an equitable determination that takes into account all of the relevant circumstances surrounding the party's omission.  Id. at 395.  In cases where a defendant seeks relief under Rule 60(b)(1) on the ground of "excusable neglect," the court applies the same three Falk factors to determine whether relief is warranted. Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011).

A. Culpable Conduct

Typically, a defendant's conduct is deemed "culpable" where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001).  "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." United States v. Signed Personal Check No. 730, 615 F.3d 1085, 1093 (9th Cir. 2010).

Looking at the course of Kopriva's conduct throughout this litigation, the Court concludes that the default judgment was the result of Kopriva's willful inaction.  Kopriva admits that he received the FAC by certified mail, but explains that the FAC got buried in a stack of other business documents and remained unread until the summer of 2012, when he uncovered it.  (Kopriva Decl. ¶¶ 4-5.)  Kopriva states that he was served with the motion for default judgment at the end of August, but failed to take any action before the hearing date of October 19, 2012, because he was again absorbed with his work as CFO of an LLC.  (Id. at ¶¶ 6-7.)  According to Kopriva, he did not realize that

the hearing date had passed until late November 2012, when he had completed his work tasks. (Id. at ¶ 8.)

Plaintiff provides additional facts that lead the Court to believe that Kopriva was not simply careless in failing to respond to the Complaint and then failing to move to set aside the default after it had been entered. According to John Smaha, Plaintiff's attorney, Kopriva and his attorney, Veronica M. Aguilar, had been in contact with Smaha in the months prior to entry of the default judgment. (Smaha Decl. ¶ 4.) In or about June 2012, Kopriva began e-mailing Smaha and making payment demands. Ms. Aguilar sent Smaha a settlement demand letter dated October 10, 2012, in which she stated that she was "more than confident that [Kopriva] will obtain an order to set aside the entry of default judgment." (Id.) This letter was sent a month <u>before</u> the default judgment was actually entered by the Court. However, Kopriva's motion to set aside default judgment was not filed until April 16, 2013, <u>five months</u> after the fact. Kopriva offers no explanation for the delay in seeking to set aside the default judgment.

Based on the facts before the Court, it appears that Kopriva willfully ignored the lawsuit. Kopriva chose to take a path of inaction that led to default judgment being entered against him. Thus, Kopriva's conduct was "culpable."

B.  <u>Prejudice</u>

To be prejudicial, the setting aside of a default must result in greater harm than simply delaying resolution of the case. <u>TCI</u>, 244 F.3d at 701. The standard is whether the plaintiff's ability to pursue his claim will be hindered. <u>Id.</u> Plaintiff has not made any showing that he would suffer any prejudice from the setting aside of the default and default judgment. Nonetheless, based on the other <u>Falk</u> factors, relief from default judgment is not appropriate in this case.

C.  Meritorious Defense

A defendant seeking to set aside default must allege sufficient facts that, if true, would constitute a defense.  <u>TCI</u>, 244 F.3d at 700.

In his motion, Kopriva states that he has viable defenses.  (Def.'s Mem. of P. & A. at 2:21-22.)  However, Kopriva does not explain what the defenses are and provides no facts in support thereof.

Because (1) the Court finds that the default judgment was the result of culpable conduct; and (2) Kopriva has not shown that he can present a meritorious defense, the Court denies Kopriva's motion to set aside the default judgment.

### III.  CONCLUSION

For the reasons discussed above, Kopriva's motion to set aside default judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED:  July 8, 2013

*[signature]*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court